COOK, et al., Appellants, v. EVANS, et al., Respondents.

COOK, et al., Respondents, v. EVANS, et al., (OWENS, Appellant.)

COOK, et al., Respondents, v. EVANS, et al., (MATTHEWS, Appellant.)

(3 Cases.)

(186 N. W. 571.)

(File Nos. 4533, 4534, 4535. Opinion filed January 30, 1922.)

1. **Waters—Indian Lands Opened to Settlement, Riparian Rights In, As Dating From Entry "Upon" Land Not Entry "Of" Land, Language of Previous Opinion Explained on Rehearing.**

   Upon rehearing, language of this Court on former decision (45 S. D. 31, 185 N. W. 262) in which the word "entry" was used in speaking of time from which party might base claim to riparian rights, should be construed as meaning entry upon land rather than entry of the land.

2. **Same—Actual User, Riparian Rights Under, As Additional to Statutory Appropriation of Waters, Priority Re Rights by User With Posted Notice of Intention to Acquire—Non-Indis-**

pensible Notice As Act Toward Appropriation, Such Rights
Paramount to Subseqeunt Adverse Appropriation, Even With-
out Notice—Modified Decision on Rehearing.

In former decision, wherein this Court, speaking of unfound-
ed claims to riparian rights based on entry upon lands after
March 3, 1877, held, in effect that if, in attempting to make
use of claimed riparian rights parties have actually appro-
priated waters to their own use in addition to such waters as
they may have heretofore claimed as appropriators, they may
through such user have acquired additional rights which though
not based upon acts of procedure such as would constitute in
law an appropriation, would vest under the law of prescription,
and that such additional rights would be subsequent and in-
ferior to those parties acquiring rights through sanctioned
methods of appropriation, and that priority as between such
additional rights would be governed by dates on which such
rights became vested.    Upon rehearing, held, that the law,
prior to enactment of Laws 1881, Ch. 142, was in substance:
That either by statute or by custom so well established and
recognized as to have all force of a statute, it is usual for
persons intending to appropriate water from a running stream
to give warning of their intention by posting notice thereof,
stating amount of water intended to be appropriated, place
and means of divergence, use or uses for which desired and
generally the place to be used, with designation of general
route of ditch or canal by which to be carried; these notices
however are not indispensible to valid appropriation of waters,
but are intended merely as first act toward appropriation, to
which the appropriation when completed with reasonable dili-
gence shall relate, and which thus becomes paramount to
rights of persons subsequently undertaking to appropriate
waters of such stream, and the actual appropriation though not
preceded by posting or recording of notice is valid both as
against persons claiming an interest in the waters as riparian
appropriators and as against subsequent appropriations; that
however any appropriation made without notice prior to the
1881 law, as well as all appropriations made thereunder, are
subject to the same limitations and restrictions relative to such
rights, as held to apply to appropriations based on notices not
statutory.

On rehearing.   Former decision modified in part.

*Hayes & Heffron,* for Plaintiffs.

*Martin & Mason,* for Defendants.

(1)   To point one of the opinion, Respondents cited: Red-
water Land & Canal Co. v. Jones, 27 S. D. 194; Driskell v. Rebbe,
22 S. D. 224; Lone Tree Ditch Company Case, 15 S. D. 519;

Scott v. Toomey; 8 S. D. 639; St. Paul M. & M. Ry. Co. v. Donahue, 210 U. S. 1.

(2)   To point two, Appellants cited:  Schodde v. Twin Falls Land & Water Co., 224 U. S. 107, 56 L. Ed. 692.

[1]  WHITING, J.  This cause is before us upon petition for rehearing, our opinion being reported in 45 S. D. 31, 185 N. W. 262. Reference is made to such opinion for a statement of the nature of the case, the issues, the facts, and the holdings of this court. Petitioners urge numerous alleged errors in such holdings; but, after a careful consideration of their contentions, we are satisfied that we did not err except upon one point.  It is true that we used the word "entry" in speaking of the time from which a party might base claim to riparian rights, and petitioners seem to be misled by the use of that word instead of the word "settlement," construing our opinion as holding that riparian rights date from the filing of entry in a land office instead of the entering upon the land and taking possession thereof.  The word "entry," as used, when construed in connection with the accompanying statements, discloses that entry upon land rather than entry of land was intended.

[2]   We did, however, in speaking of those who may have made unfounded claims to riparian rights based on entries upon lands after March 3, 1877, say:

"It does not follow, however, that a party who now makes claims as riparian owner may not be entitled to recognition as one who has gained rights by user.  If, in attempting to make use of their claimed riparian rights, certain of these parties have, in fact, actually appropriated waters to their own use in addition to such waters as they may have heretofore claimed as appropriators, they may, through user, have acquired rights that should be determined in this action.  Such additional rights, not being based upon such acts of procedure, sanctioned by law or custom, as would constitute in law an appropriation, would vest at the end of the period necessary to acquire same by prescription.  Under the facts of the case before us, all rights so acquired would be subsequent to and inferior to those rights which the several parties may have acquired through the sanctioned methods of appropriation; furthermore, priority as between such additional rights

would be governed by the dates upon which such rights became vested in the several parties."

Upon further consideration, we are satisfied that the law, prior to the enactment of chapter 142, Session Laws 1881, was as laid down in 27 R. C. L. 175:

"Either by statute, or by a custom so well established and generally recognized as to have all the force of a statute, it is usual for persons intending to appropriate the waters of a running stream, or some part thereof, to give warning of their intention by posting at or near the intended point of diversion a signed notice of their intention stating the amount of water intended to be appropriated, the place and means of diversion, the use or uses for which the water is desired, and generally the place where it is to be used, and a designation of the general route of the ditch or canal by which it is to be carried. These notices, however, are not indispensable to the valid appropriation of water. They are intended merely as the first act toward appropriation, to which the appropriation, when completed with reasonable diligence, shall relate, and shall thus become paramount to the rights of such persons as shall subsequently undertake to make an appropriation of the waters of the same stream. The actual appropriation of water, though not preceded by the posting or recording of any notice, is valid both as against persons claiming an interest in the water as riparian proprietors and as against subsequent appropriators thereof."

However, any appropriation which may have been made without notice prior to the 1881 law, as well as all appropriations that may have been made under that law, are subject to the same limitations and restrictions, because of the rights of the public, as held to apply to appropriations based upon notices not statutory.

As so modified, our former opinion is affirmed, and petition for rehearing denied.